[Cite as *Taylor v. Ohio Dept. of Transp.*, 2010-Ohio-6684.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JANICE TAYLOR

 Plaintiff

 v.

OHIO DEPT. OF TRANSPORTATION

 Defendant

 Case No. 2010-06851-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Janice Taylor, filed this action against defendant, Department of Transportation (ODOT), contending her 1996 Oldsmobile Delta 88 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 90 West in Cuyahoga County. In her complaint, plaintiff described her damage incident noting: "[w]hile traveling westbound on Interstate 90 West enroute to work, I struck something in the roadway (steel object) which punctured my gas tank." Plaintiff located the damage-causing debris "in the high speed lane near the West 44th St Exit of Interstate 90 West." Subsequently, plaintiff located the damage causing debris condition at "490 West between milemarker I-10 & I-12 near West 7th Street exit in the high speed lane." Plaintiff claimed the metal object that damaged her car "had fallen from a truck traveling upon this roadway" which was ultimately located between milemarkers 10 and 12 on Interstate 490 West in Cuyahoga County. Plaintiff did not offer a description of the truck or identify an owner of the truck which deposited the metal object on the roadway. Plaintiff recalled the described damage incident occurred on April 15, 2010 at approximately 6:45 a.m. Plaintiff requested damage recovery in the amount of $518.80, the total cost of repairs she incurred resulting from

the April 15, 2010 event.  The $25.00 filing fee was paid and plaintiff requested recovery of that cost along with her damage claim.

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of a metal object debris condition on the roadway prior to plaintiff's damage occurrence.  Defendant reasoned, "[a] steel object, if it were in the roadway for any length of time, would probably have generated more calls from the motoring public."  Defendant's submitted record (radio log) shows no reports of a metal object on Interstate 490 West were received on or before April 15, 2010.  Defendant denied receiving any calls or complaints regarding a metal object on the roadway and suggested the debris condition existed "for only a relatively short amount of time before plaintiff's incident."  Defendant asserted plaintiff failed to offer evidence to establish ODOT negligently maintained the roadways in Cuyahoga County.  Defendant further asserted plaintiff did not produce evidence t prove her property damage was attributable to any conduct on the part of ODOT personnel.  Defendant advised the ODOT "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month."  Apparently no metal object was discovered on Interstate 490 West between milemarkers 10 and 12 the last time that section of roadway was inspected prior to April 15, 2010.  The claim file is devoid of any inspection record.  Defendant related plaintiff failed to present any "evidence to indicate how long the debris existed in the roadway prior to her incident."  Defendant argued the damage causing object was displaced by a third party and therefore ODOT cannot bear liability for damage proximately caused by the act of an unknown third party not affiliated with ODOT.

**{¶ 3}**  Plaintiff filed a response locating the steel object that damaged her car was between milemarkers 10 and 12 on Interstate 490 West.  Plaintiff did not produce any evidence to establish the length of time the metal object was on the roadway prior to 6:45 a.m. on April 15, 2010.

**{¶ 4}**  For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiff

has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden. Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

**{¶ 5}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

**{¶ 7}** Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that defendant knew about the particular metal debris condition prior to 6:45 a.m. on April 15, 2010.

**{¶ 8}** Ordinarily, to recover in any suit involving injury proximately caused by

roadway conditions including tire debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the metal debris was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the tire debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the metal debris on the roadway.

{¶ 11} Plaintiff's admission in the instant action claimed the metal debris emanated from the act of an unidentified third party. Defendant has denied liability based on the particular premise that it had no duty to control the conduct of a third

person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. See *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 12} "If an injury is the natural and probable consequence of negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 13} Evidence in the instant claim tends to show the damage-causing debris condition was caused by an unidentified third party and not negligent maintenance on the part of ODOT. Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition or conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶ 14} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant proximately caused the damage. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD; *Husak v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-03963-AD, 2008-Ohio-5179.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JANICE TAYLOR

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-06851-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Janice Taylor
2353 East 61st
Cleveland, Ohio  44104

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
11/24
Filed 12/29/10
Sent to S.C. reporter 2/25/11